AMANDA E. MERRIMAN, IN EQUITY

*vs.*

SADIE JONES, INDIVIDUALLY AND AS EXECUTRIX.

Washington.    Opinion March 17, 1927.

*Equity protects the weak, the feeble, the inexperienced and the oppressed, from the strong, the shrewd and crafty,* by *annulling contracts or conveyances where the consideration is grossly inadequate, or the condition of the parties, or circumstances surrounding the transaction, are such as to raise a presumption of fraud, imposition, or undue influence.*

In the instant case many of the elements which separately are sufficient to justify the Court in relieving a party from a contract or conveyance are present, and properly compelled the single Justice to find the plaintiff's conveyances unconscionable and void.

It does not clearly appear that the decree of the single Justice upon matters of fact is erroneous, hence is affirmed.

On appeal. A bill in equity seeking the cancellation of conveyances made by the plaintiff to her brother, now deceased, husband of defendant. The bill alleges fraud in the procurement of the conveyances, and that further they were made in consideration of an agreement for the plaintiff's support which has not been performed. Upon a hearing the sitting Justice found for the plaintiff and declared the conveyances null and void, and defendant appealed. Appeal dismissed. Decree below affirmed.

The case sufficiently appears in the opinion.

*H. E. Saunders and Gray & Sawyer,* for plaintiff.

*H. J. Dudley and H. H. Murchie,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, BASSETT, JJ.

STURGIS, J.   Bill in equity to cancel conveyances of real and personal property by the plaintiff to her brother, the defendant's husband.   The bill alleges that the conveyances were procured by fraud and made in consideration of an agreement for the support of the plaintiff, which was violated by the brother in his lifetime, and since his death by the defendant.   A demand for an accounting is included in the prayers of the bill.

After full hearing before a single Justice, a decree was entered sustaining the bill, declaring the plaintiff's conveyances null and void, with an order to the defendant to reconvey to the plaintiff all real and personal property which her deceased husband has received from the plaintiff and by his will had devised or bequeathed to her.   She was ordered to account for rents and profits, and a special master appointed to determine the account.   Upon the filing of the master's report the same was accepted, and judgment against the defendant for $558.74 with interest from the date of the bill was included in the final decree.

The case is before this Court on appeal; and unless it clearly appears that the decree of the single Justice upon matters of fact heard in equity is erroneous, it will be affirmed.   *Wilson* v. *Littlefield*, 119 Maine, 143; *Eastman* v. *Eastman*, 117 Maine, 276.

The plaintiff, a widow, is sixty-one years old.   The evidence discloses that she has become the victim of the drug habit now long standing.   The resultant mental and physical impairment is marked.   Her condition before and in October, 1923, was such that guardianship proceedings were discussed by her family physician and relatives, including among the latter her brother, George H. Jones.   Her property then consisted of a house in which she lived, a building nearby rented as a paint-shop with tenement above, household furnishings and fixtures, certain bank stock, and money received as pension.

October 27, 1923, her brother George H. Jones, induced her to execute a warranty deed, conveying to him her house and all other land and buildings owned by her.   As consideration for this transfer, he gave her an agreement under seal in which he obligated himself and his heirs and assigns to allow the use of the south room in the house with access by the front door.   This room was to be heated

and made comfortable for her, and he was to furnish all necessary food and provisions. It appears that the furniture and fixtures in the house were transferred to the brother at the same time, enough only being reserved by the plaintiff to furnish the south room which she was to occupy.

There is convincing evidence that this plaintiff was in a weakened mental condition at the time this transaction with her brother took place. It is equally clear that he acted with full knowledge of her habits and incapacities. He is quoted as refusing to agree to guardianship, stating that if "she would give him her place he would take care of her," but "if she didn't do it, he would put her in an asylum." In testimony he is charged with commenting upon the report that another relative was to take the place, concluding his statements with "By God! I am going to have that place."

He got the place. He limited the plaintiff in the use of her own home to the south room, and the evidence leaves no doubt that she was barred from access to the rest of the house and left alone for days at a time without sufficient food or fuel. At the death of the brother the property passed to his widow, and her failure to perform the conditions of the agreement for the plaintiff's support and maintenance is evidenced by the testimony of neighbors and relatives who visited the plaintiff and observed her condition and surroundings.

"Equity protects the weak, the feeble, the inexperienced and the oppressed, from the strong, the shrewd and crafty, by refusing to uphold contracts or conveyances, when the relation or condition of the parties at the time of the making of the contract, or the gross inadequacy of the consideration, or the circumstances surrounding the transaction, are such as to lead to the presumption of fraud, imposition or undue influence." *Insurance Co.* v. *LaChance,* 113 Maine, 550.

Upon findings of fact not stated but necessarily involved in the conclusions of the single Justice, the decree below may properly have rested, as in *Insurance Co.* v. *LaChance,* upon the pronouncement that "in this case many of the elements which separately are sufficient to authorize the Court to relieve a party from a contract or conveyance are present", and compel the Court to pronounce the conveyances "unconscionable and void."

The plaintiff is entitled to the remedy of cancellation, which necessarily includes not only her instruments of transfer but also the agree-

ment made by the defendant's testate. The accounting was properly
ordered, and the provisions of the decree for reconveyance to effectu-
ate cancellation are in accord with accepted practice.

> *Appeal dismissed.*
> *Decree below affirmed.*
> *Costs of this appeal to be*
> *added to bill of costs below.*